IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHNNY GROSE**                                                              **PETITIONER**

**V.**                                            **CAUSE NO. 3:13-CV-00047-MPM-DAS**

**CHRISTOPHER EPPS and**
**EARNEST LEE**                                                     **RESPONDENTS**

**ORDER DENYING PETITIONER'S MOTION
FOR LEAVE TO FILE OUT-OF-TIME APPEAL**

Presently before the Court is Petitioner's motion for "permission to appeal out-of-time." Doc. # 35. In the instant motion, Petitioner seeks to appeal the Court's January 24, 2014, judgment dismissing his federal habeas action with prejudice. *Id.*; *see* Doc. #s 29, 30. Petitioner acknowledged receipt of the Court's judgment in this case by a form he signed on January 31, 2014, and that acknowledgment was received by the Court on February 5, 2014. *See* Doc. # 31.

A party seeking to appeal must file a notice of appeal within thirty (30) days following the entry of judgment or order from which the party is appealing. Fed. R. App. P. 4(a)(1). Under Federal Rule of Appellate Procedure 4(a)(5), the time to file a notice of appeal may be extended for "excusable neglect or good cause" provided that the party seeking to appeal "moves no later than 30 days after the time prescribed by Rule 4(a) expires." Fed. R. App. P. 4(a)(5).

Here the time for Petitioner to file a notice of appeal expired on February 24, 2014.[1] The time for filing a motion for an extension of time was an additional thirty days, which ended on March 26, 2014. The instant motion was signed by Petitioner on October 20, 2021, and received by the Court on November 1, 2021—more than seven years after the deadline. Thus, Petitioner is not entitled to an extension of time under Rule 4(a)(5).

---

[1] Technically, the time period expired on February 23, 2014, but because that date fell on a Sunday, the filing date is extended to the following day, Monday February 24, 2014. *See* Fed. R. App. P. 26(a)(1)(C).

Under Federal Rule of Appellate Procedure 4(a)(6), the court "may reopen the time to file an appeal," but only if *all* of the following conditions are met: (1) that Petitioner did not receive notice of entry of judgment within twenty-one (21) days after entry; (2) the motion is filed within 180 days after entry of judgment or fourteen (14) days after receiving notice of said judgment, whichever is earlier; and (3) the Court finds that no party would be prejudiced by reopening the time for appeal. Fed. R. App. P. 4(a)(6). As set forth above, the docket clearly reflects that Petitioner received notice of the Court's judgment within twenty-one days. Additionally, more than 180 days have passed since entry of judgment and certainly more than fourteen days have passed since Petitioner received notice of the Court's judgment. Consequently, the Court may not reopen the time to file an appeal under these circumstances.

For these reasons, Petitioner is not entitled to the relief which he now seeks. Accordingly, the instant motion [35] for leave to file an out-of-time appeal is hereby **DENIED**.

**SO ORDERED**, this the 2nd day of November, 2021.

                                                                 /s/ Michael P. Mills
                                                           **UNITED STATES DISTRICT JUDGE**
                                                           **NORTHERN DISTRICT OF MISSISSIPPI**